**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santiago ESQUIVEL–VEGA,**
**Defendant–Appellant.**

**No. 01–16043.**
**D.C. No. CV–00–06930–REC.**

United States Court of Appeals,
Ninth Circuit.

June 10, 2002.*

Decided June 13, 2002.

Before RYMER, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM**

Santiago Esquivel–Vega appeals the district court's denial of his 28 U.S.C. § 2255 petition challenging the 365–month sentence imposed following his conviction for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2255, we review de novo, *see United States v. Sanchez–Cervantes*, 282 F.3d 664, 666 (9th Cir.2002), and affirm.

Esquivel–Vega contends that the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is substantive and applies retroactively on collateral review and therefore

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Esquivel–Vega's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his sentence is unconstitutional because it exceeds the 20–year maximum sentence under § 841(b)(1)(C). Esquivel–Vega further contends that the non-retroactivity principles of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), are not controlling.

We reject Esquivel–Vega's contentions because they are foreclosed by our decision in *Sanchez–Cervantes,* 282 F.3d at 667–68, 673 (concluding that *Teague* applies to 28 U.S.C. § 2255 petitions and that the new rule of criminal procedure announced in *Apprendi* does not apply retroactively on initial collateral review).

**AFFIRMED.**